IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ROSS CAPUTI<br>30 Mountain Ave. Apt. 2<br>Fitchburg, MA 01420<br><br>  Plaintiff,<br><br>v.<br><br>DEPARTMENT OF DEFENSE<br>1400 Defense Pentagon<br>Washington, DC 20301-1400<br><br>  Defendant. | Case No: 23-cv-3582 |

**COMPLAINT**

**I. INTRODUCTION**

1. Plaintiff Ross Caputi ("Plaintiff") brings this action seeking declaratory and injunctive relief to redress violations of the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 *et. seq.*, by Defendant Department of Defense (hereinafter "DOD") in failing to provide Plaintiff with all non-exempt records responsive to his FOIA requests issued to this agency dated January 21, 2020, for records of United States military operations in Fallujah, Iraq from October 1, 2004, through December 31, 2004, at well as his FOIA request dated August 9, 2021, seeking copies of the operations plan for the 2nd

battle of Fallujah, the shaping operations preceding this military operation, and air strike and battle damage assessment reports.

## II. JURISDICTION

2. This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) (FOIA citizen suit provision) and 28 U.S.C. § 1331 (federal question).

## III. VENUE

3. Venue in this Court is proper pursuant to 5 U.S.C. § 552(a)(4)(B).

## IV. PARTIES

4. Plaintiff, Ross Caputi, is an individual that, at all times relevant herein, has resided in Fitchburg, Massachusetts.

5. Defendant United States Department of Defense is a federal department of the United States, and is an agency subject to the FOIA, pursuant to 5 U.S.C. § 552(f).

## V. LEGAL FRAMEWORK OF FOIA

6. FOIA requires, *inter alia*, that all federal agencies must promptly provide copies of all non-exempt agency records to those persons who make a request for records that reasonably describes the nature of the records sought, and which conform with agency regulations and procedures in requesting such records. 5 U.S.C. § 552(a)(3)(A).

7. FOIA requires federal agencies to make a final determination on all FOIA requests that it receives within twenty days (excepting Saturdays, Sundays, and legal public holidays) after the receipt of such request, unless the agency expressly provides

notice to the requester of "unusual circumstances" meriting additional time for responding to a FOIA request. 5 U.S.C. § 552(a)(6)(A)(I).

8. FOIA also requires federal agencies to make a final determination on FOIA administrative appeals that it receives within twenty days (excepting Saturdays, Sundays, and legal public holidays) after the receipt of such appeal, unless the agency expressly provides notice to the requester of "unusual circumstances" meriting additional time for responding to a FOIA request. 5 U.S.C. § 552(a)(6)(A)(ii).

9. FOIA expressly provides that a person shall be deemed to have constructively exhausted their administrative remedies if the agency fails to comply with the applicable time limitations provided by 5 U.S.C. § 552(a)(6)(A)(I) - (ii). *See* 5 U.S.C. § 552(a)(6)C).

10. FOIA provides that any person who has not been provided the records requested pursuant to FOIA, after exhausting their administrative remedies, may seek legal redress from the Federal District Court to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant.

11. Under FOIA, the federal agency has the burden to sustain its actions. 5 U.S.C. § 552(a)(4)(B).

12. Pursuant to FOIA, this Court may assess attorney fees and litigation costs against the United States if the Plaintiff prevails in this action. 5 U.S.C. § 552(a)(4)(E).

## VI.  FACTUAL ALLEGATIONS

### January 21, 2020, FOIA Request
### FOIA Number 20-0215

13.  On or about January 21, 2020, Ross Caputi (Plaintiff) sent a FOIA request to the Untied States Department of Defense (DOD), seeking reports, operation orders, memos, emails, letters, transcripts, and other communications pertaining to specific U.S. military actions and operations conducted by the United States military in Fallujah, Iraq, between January 1, 2004 and December 31, 2004.

14.  On or about February 3, 2020, Plaintiff received a letter fro the DOD, confirming receipt of Plaintiff's January 21, 2020, FOIA request, and assigning it as FOIA number 20-0215.

15.  On or about February 3, 2020, Plaintiff emailed DOD, narrowing his January 21, 2020 FOIA request specifically to operations conducted during and leading up to Operation Phantom Fury/al-Fajr, between the time period of October 1, 2004 through December 31, 2004.

16.  On or about February 3, 2020, Defendant emailed Plaintiff, responding to the modification of the language of Plaintiff's January 21, 2020, FOIA request.

17.  On or about February 3, 2020, Plaintiff emailed Defendant, confirming the modification of Plaintiff's FOIA request.

18.  On or about May 12, 2020, Defendant DOD emailed Plaintiff, indicating that

it was processing Plaintiff's FOIA request, that his request was #1714 in the queue, and inquiring as to whether Plaintiff would be willing to further narrow this record request.

19. On or about May 12, 2020, Plaintiff emailed Defendant, indicating that he could not further narrow this record request.

20. On or about August 3, 2022, Plaintiff emailed Defendant requesting the status of his January 21, 2020, FOIA request.

21. On or about August 4, 2022, Defendant emailed Plaintiff indicating that his record request was #1365 in their FOIA queue.

22. On or about June 20, 2023, Plaintiff emailed Defendant, requesting an update as to the status of his January 21, 2020, FOIA request, and requesting the estimated date of completion for the agency's final response for this record request. .

23. On or about June 22, 2023, Defendant emailed Plaintiff indicating that his FOIA request was #1243 in their FOIA queue. However, the agency did not provide any response to Plaintiff's request for the estimated date of completion for this FOIA request.

24. As of the date of the filing of this action, Plaintiff Caputi has not received a final response to his FOIA request, nor any of the records that he requested in his January 21, 2020, FOIA request (FOIA # 20-0125).

### August 9, 2021, FOIA Request
### FOIA Number 21-0501

25. On or about August 9, 2021, Ross Caputi (Plaintiff) sent a FOIA request to the

Untied States Department of Defense (DOD), seeking a copy of the operations plan for the 2nd battle of Fallujah, Including the shaping operations preceding this military operation, and records pertaining to air strike and battle damage assessment reports for this military action.

26. On or about August 21, 2021 Plaintiff received an email from the Department of Defense, with a letter attachment, confirming DOD's receipt of Plaintiff's August 9, 2021, FOIA request, and assigning it FOIA number 21-0501.

27. On or about August 3, 2022, Plaintiff emailed Defendant, requesting the status of his August 9, 2021, FOIA request.

28. On or about August 4, 2022, Defendant emailed Plaintiff indicating that it was working on Plaintiff's FOIA request.

29. On or about June 20, 2023, Plaintiff emailed Defendant, once again requesting the status of his August 9, 2021, FOIA request, and specifically requesting the estimated date of completion for the agency's final action decision on this record request.

30. On or about June 22, 2023, Defendant emailed Plaintiff indicating that it was working on Plaintiff's FOIA request. However, the agency did not respond to Plaintiff's request for an estimated date of completion for this record request.

31. As of the date of the filing of this action, Plaintiff Caputi has not received a final response to his FOIA request nor any of the records which he requested in his August 9, 2021, FOIA request (FOIA #21-0501).

## VII. CLAIMS FOR RELIEF

### First Claim: January 21, 2020, FOIA Request
### 20-0215

32. Plaintiff realleges, as if fully set forth herein, paragraphs 1-24 previously set forth herein.

33. Defendant DOD has violated FOIA by failing to provide Plaintiff with all non-exempt responsive records for his January 21, 2020, FOIA request.

34. By failing to provide Plaintiff with all non-exempt responsive record to his January 21, 2020, FOIA request as described in paragraph 13 above, Defendant DOD has denied Plaintiff's right to this information as provided by the Freedom of Information Act.

35. Defendant DOD has violated FOIA by failing to perform an adequate search reasonably calculated to locate all responsive records to Plaintiff's January 21, 2020, FOIA request.

36. By failing to perform an adequate search reasonably calculated to locate all responsive records to Plaintiff's January 21, 2020, FOIA request, Defendant DOD has denied Plaintiff's right to this information as provided by law under the Freedom of Information Act.

37. Unless enjoined by this Court, Defendant DOD will continue to violate Plaintiff's legal rights to be provided with copies of the records which it has requested in

his FOIA request described in paragraph 13 above.

38. Plaintiff is directly and adversely affected and aggrieved by Defendant DOD's failure to provide responsive records to his FOIA request described above.

39. Plaintiff has been required to expend costs and to obtain the services of a law firm, consisting of attorneys, law clerks, and legal assistants, to prosecute this action.

40. Plaintiff is entitled to reasonable costs of litigation, including attorney fees pursuant to FOIA 5 U.S.C. § 552(a)(4)(E).

### Second Claim: August 9, 2021, FOIA Request 21-0501

41. Plaintiff realleges, as if fully set forth herein, paragraphs 1 - 12, and paragraphs 25-31 previously set forth herein.

42. Defendant DOD has violated FOIA by failing to provide Plaintiff with all non-exempt responsive records for his August 9, 2021, FOIA request.

43. By failing to provide Plaintiff with all non-exempt responsive record to his August 9, 2021, FOIA request as described in paragraph 25 above, Defendant DOD has denied Plaintiff's right to this information as provided by the Freedom of Information Act.

44. Defendant DOD has violated FOIA by failing to perform an adequate search reasonably calculated to locate all responsive records to Plaintiff's August 9, 2021, FOIA request.

45. By failing to perform an adequate search reasonably calculated to locate all responsive records to Plaintiff's August 9, 2021, FOIA request, Defendant DOD has denied Plaintiff's right to this information as provided by law under the FOIA.

46. Unless enjoined by this Court, Defendant DOD will continue to violate Plaintiff's legal rights to be provided with copies of the records which it has requested in his FOIA request described in paragraph 25 above.

47. Plaintiff is directly and adversely affected and aggrieved by Defendant DOD's failure to provide responsive records to his FOIA request described above.

48. Plaintiff has been required to expend costs and to obtain the services of a law firm, consisting of attorneys, law clerks, and legal assistants, to prosecute this action.

49. Plaintiff is entitled to reasonable costs of litigation, including attorney fees pursuant to FOIA 5 U.S.C. § 552(a)(4)(E).

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter Judgment for Plaintiff, providing the following relief:

1. Declare Defendant DOD has violated FOIA by failing to provide Plaintiff with all non-exempt records responsive to his January 21, 2020, FOIA request (20-0215).

2. Declare Defendant DOD has violated FOIA by failing to complete an adequate search for records responsive to Plaintiff's January 21, 2020, FOIA request number 20-0215.

3. Direct by injunction that Defendant DOD perform an adequate search for records responsive to his January 21, 2020, FOIA request and provide Plaintiff with all non-exempt responsive records to Plaintiff's January 21, 2020, FOIA request (20-0215).

4. Declare Defendant DOD has violated FOIA by failing to provide Plaintiff with all non-exempt records responsive to his August 9, 2021, FOIA request number 20-0215.

5. Declare Defendant DOD has violated FOIA by failing to complete an adequate search for records responsive to Plaintiff's August 9, 2021, FOIA request number 20-0215.

6. Direct by injunction that Defendant DOD perform an adequate search for records responsive to his August 9, 2021, FOIA request and provide Plaintiff with all non-exempt responsive records to Plaintiff's August 9, 2021, FOIA request number FA-20-1273.

7. Grant Plaintiff's costs of litigation, including reasonable attorney fees, as provided by FOIA, 5 U.S.C. § 552(a)(4)(E); and,

8. Provide such other relief as the Court deems just and proper.

DATED: This 1st day of December, 2023.

Respectfully submitted,

/s/ Lance D. Quaranto
Lance D. Quaranto (OR0016)
PO Box 5471
Eugene, Oregon 97405
(541) 393-8485

lance.d.quaranto@gmail.com
**Attorney for Plaintiff**